Filed Dec. 13, 1894.

---

No. 17,384.

## THE STATE v. HODGIN.

APPEAL.—*Dismissal of.—Parties to Judgment or Proceeding not Parties to Appeal.—No Showing as to Absence of Interest of Omitted Parties.*—It is a rule of practice, which applies alike in civil and criminal cases, that the assignment of errors is the appellant's complaint on appeal, and that the burden rests upon him to present by it, in a comprehensive and intelligible manner, some ruling of the lower court claimed to be erroneous, and that the full names of the parties shall be stated; and this rule is not complied with without an

affirmative showing as to the absence of interest in the appeal by those parties to the judgment or proceeding, who are not connected in the appeal, and under such state of the record the appeal will be dismissed.

From the Howard Circuit Court.

*A. G. Smith*, Attorney-General, *J. F. Pyke*, Prosecuting Attorney, and *C. Wolf*, for State.

*J. C. Blacklidge, C. C. Shirley, B. C. Moon, M. Bell* and *W. C. Purdum*, for appellee.

HACKNEY, J.—The appellee and eight others were charged, by an indictment in five counts, with a conspiracy to commit personal violence upon the prosecuting witness.

The record contains the indictment, a verdict of not guilty, in the case entitled "The State of Indiana *v.* Leonard B. Hodgin *et al.*," and a judgment, under the same title, that "the defendant go hence."

The record next presents a bill of exceptions which, together with the order-book entry of its filing, is entitled, in the same form, as in a cause against all of the defendants. There is no recital in the bill, nor does it otherwise appear from the record, that the appellee severed in his defense or that he was arraigned, tried, acquitted or secured a dismissal independently of his co-defendants. It would appear, therefore, that two presumptions might arise from the record, namely, that there was a trial of all of the defendants and that some one defendant was acquitted. Whether the defendant acquitted was the appellee, Hodgin, we have no means of determining from the transcript. If he was not acquitted no appeal could be entertained, and the fact of acquittal must appear from the record. *State* v. *Hamilton*, 62 Ind. 409; *State* v. *Hallowell*, 91 Ind. 376; *State* v. *Spencer*, 92 Ind. 115.

The State *v*. Hodgin.

The only appellee brought into this court is the said Hodgin and the absence, in this appeal, of his codefendants is in no way accounted for. It is a rule of practice of long standing that the assignment of errors is the appellant's complaint on appeal, and the burden rests upon the appellant to present, by it, in a comprehensive and intelligible manner, some ruling of the lower court claimed to constitute error. Another and indispensable requirement of this rule is that the "full names of the parties" shall be stated. Rule VI, of this court; *Burke* v. *State*, 47 Ind. 528; *Darnall* v. *Hurt, Guar.*, 55 Ind. 275; *Thoma* v. *State*, 86 Ind. 182; *Calvert* v. *State*, 91 Ind. 473; *Snyder* v. *State, ex rel.*, 124 Ind. 335; *Braden* v. *Leibenguth*, 126 Ind. 336; *Gourley* v. *Embree*, 137 Ind. 82; R. S. 1894, section 647; R. S. 1881, section 635.

The rule applies alike in criminal and civil cases, *Sturm* v. *State*, 74 Ind. 278, and it is not complied with without an affirmative showing as to the absence of interest in the appeal by those parties to the judgment or proceeding, who are not connected in the appeal. *Gourley* v. *Embree, supra.*

The rule has not been complied with by the appellant and, as notice of the insufficiency of the record has been brought to the appellant by the brief of the appellee and an opportunity has been given to correct the record, if possible, we have no course but to dismiss the appeal, which is accordingly done.

Filed Dec. 12, 1894.