Filed April 4, 1895.

———————◆———————

No. 17,203.

ROSENBOWER v. SCHUETZ ET AL.

APPEAL.—*Necessary Parties.*—*Appellant.*—Where one of two defendants, adversely affected by the judgment rendered, appeals without joining the other defendant as coappellant, he has no standing in court.

SAME.—*Amended Assignment of Errors.*—*When Presents no Question.*— *Supreme Court Practice.*—Where such appellant sought and obtained leave to file an amended assignment of error, and accompanying such petition, and filed with it, was an amended assignment, but such amended assignment was not filed subsequent to the granting of such permission, and has not been made on the transcript or upon some paper attached thereto, the appeal can not be considered on the amended assignment.

RECORD.—*Evidence.*—*Omission of Judge's Certificate.*—*Reporter's Longhand Manuscript.*—Where the stenographer has certified that the evidence reported by him was all the evidence given in the cause, but there is no such certificate by the trial judge, such omission is fatal, and the evidence is not in the record.

From the Lake Circuit Court.

*J. B. Peterson,* for appellant.

*J. Kopelke,* for appellees.

HACKNEY, J.—This action was by the appellees to quiet the title to certain real estate in Lake county. Originally the appellant assigned errors in overruling his motion for a new trial and "in rendering judgment in said cause upon the plaintiffs, complaint, for the reason that said complaint did not and does not state facts sufficient to constitute a good cause of action." Because of a defect of parties, in failing to join as appellant the Anderson Freeman Ice Company, the appellant sought and obtained leave to file an amended assignment of error. Accompanying the petition for such leave, and filed with it, was an amended assignment of error in which the only alleged error assigned was in the overruling of the motion for a new trial. The amended assignment of error was not filed subsequent to the granting of such permission and has never been made "on the transcript or upon some paper attached thereto," as required by rule numbered three of the rules of this court. Treating the original assignment as that upon which the appeal must be considered we find that the appellant has no standing in court because of the requirement that he should have brought in, by such assignment, the said Anderson Freeman Ice Company, a party defendant to the action, and one against whom, in connection with the appellant, the judgment of the circuit court was rendered. *State* v. *Hodgin,* 139 Ind. 498.

If we should accept the original assignment of error as including the necessary parties, which, of course, we can not do, it is doubtful if the second specification of such assignment presents any question. It will be observed that it does not assign as error any ruling upon de-

Rosenbower *v.* Schuetz *et al.*

murrer to the complaint and does not, by direct assignment, attack the complaint, but assigns as error the rendering of judgment for the alleged reason that the complaint did not state facts sufficient to constitute a cause of action.   It may be suggested that the reason supporting an assignment of error is not required to be stated in the assignment, but is a proper part of counsel's argument.   It may be further suggested that every judgment is not unauthorized because of a defective complaint, and error in rendering judgment is only presented by motion to modify the judgment and that motion is made the basis of the assignment.

Accepting the one specification of either the original or the amended assignment, namely, the overruling of a motion for a new trial, as properly made, we find that it must fail, inasmuch as it depends wholly upon the evidence, and we find that the bill of exceptions fails to properly bring the evidence into the record.   While the stenographer has certified that the evidence reported by him was all of the evidence given in the cause, there is no such statement or certificate by the trial judge. This omission is fatal.   In *Lyon* v. *Davis*, 111 Ind. 384, the record was identical with the present, and was held insufficient.

Finding no error in the record, the judgment of the circuit court is affirmed.

Filed April 12, 1895.