No. 1,925.

## LEWIS, ADMINISTRATOR, *v.* BUSKIRK.

APPELLATE PROCEDURE.—*Witness.—Competency of.—Bills of Exceptions.*—A ruling that a witness is incompetent because of interest, will be reviewed upon appeal where one of the bills of exception presents the ruling complained of, and the other enough of the evidence to present the question, although the certificate to the bill embodying the longhand manuscript of the reporter's notes does not state that it contains all the evidence given in the cause.

WITNESS.—*Competency of.*—*Interest of.*—*Decedent's Estate.*—*Widow.* —The widow of decedent is not incompetent as a witness, by reason of interest in favor of the estate, in a contest to which she is not a party, over a claim against the estate which, if allowed, will affect her adversely, as under section 506, R. S. 1894, the interest to disqualify her must be adverse to the estate.

From the Montgomery Circuit Court.

*G. W. Paul* and *R. W. Harrison*, for appellant.

*Hurley & Hurley* and *Johnston & Johnston*, for appellee.

LOTZ, J.—The appellee filed a claim against the estate of appellant's decedent. The claim was based upon a promissory note alleged to have been executed by the decedent and another, and payable to the order of the appellee. A trial by jury resulted in a verdict for the appellee for the full amount of the note. The only error assigned in this appeal is the overruling of appellant's motion for a new trial.

On the trial, the principal controversy related to the execution of the note by the decedent.

The appellant called as a witness in his behalf one Caroline Watkins, who was the widow of the decedent and interested in his estate. The appellee objected to the competency of this witness because she was such widow, and interested in the estate. This objection was sustained, and the appellant was deprived of her testimony.

The objection did not go to the evidence offered, for no offer was made, and it does not appear from the record what the witness would have testified to.

The objection was to the person, the competency of the witness. An incompetent witness is one who does not answer the requirements of the law; not legally

able or qualified to give testimony.     *Gilbert* v. *Estate of Swain*, 9 Ind. App. 88.

Mrs. Watkins was not a party to the record, but she was a party in interest.     Her interest in the estate of her deceased husband would probably be affected by the judgment rendered.     *Thornburg* v. *Allman*, 8 Ind. App. 531.     But it is not every person who has an interest in the subject-matter of the controversy that is disqualified or rendered incompetent under our statute. Section 506, R. S. 1894 (section 498, R. S. 1881).     The interest must be *adverse* to the estate.     There was no showing that Mrs. Watkins' interest was *adverse* to the estate.     Her interest lay in the direction of protecting the estate.     Her interest was adverse to that of the claimant.     She was not incompetent, nor was it necessary to show what the witness would have testified to, had she been permitted.

Both of these points were ruled against the appellee's contention by this court in the case of *Sullivan, Admr.*, v. *Sullivan*, 6 Ind. App. 65.

As this court has no means of knowing what the testimony of this witness would have been, we cannot say that the ruling was harmless.

The appellee insists that all the evidence is not in the record because the certificate made by the presiding judge to the bill of exceptions embodying the long-hand manuscript of the reporter's notes does not state that the bill contains all the evidence given in the cause, and the cases of *Rosenbower* v. *Schuetz*, 141 Ind. 44, and *Lyon* v. *Davis*, 111 Ind. 384, are relied upon in support of this position.     But there are two bills of exceptions in the record.     The first bill presents the ruling complained of, and the second contains enough of the evidence to present the question.

There are other errors complained of, but, as they may

not arise on another trial, it is unnecessary to consider them now.

Judgment reversed, with instructions to sustain the appellant's motion for a new trial.

Filed February 20, 1896.