MARY ANN BAILEY v. GEORGE BAILEY.

October Term, 1903.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, and
HASELTON, JJ.

Opinion filed February 13, 1904.

*Divorce—Alimony—Pension.*

Upon a decree of divorce *a vinculo* for the fault of the husband, it
    is proper for the court, in fixing the amount of alimony the hus-
    band shall be required to pay, to consider his pension from the
    United States as part of his financial resources.

PETITION FOR DIVORCE, with prayer for alimony.   Bill
granted and alimony decreed at the June Term, 1903, Cale-
donia County, *Stafford, J.,* presiding.   The petitionee excepted.

*Harland B. Howe* and *Marshall Montgomery* for the
petitionee.

The court had no jurisdiction to decree petitionee's pen-
sion to the petitioner because it was not yet owned by him,
but was to be acquired subsequently.   Bishop, Mar. and Div.,
Vol. 2, §§ 857-887; *Feighley* v. *Feighley,* 61 Am. Dec. 375;
*Cochrane* v. *Cochrane,* 42 Neb. 612; *Van Orsdal* v. *Van
Orsdal,* 67 Iowa 35; *Harrison* v. *Harrison,* 56 Am. Dec. 227;
*Buckminster* v. *Buckminster,* 38 Vt. 248; Am. & Eng. Enc.
Law, Vol. 2, pp. 98, 124.

*May & Simonds* for petitioner.

Orders in divorce cases are not founded upon contracts.
*Andrews* v. *Andrews,* 62 Vt. 495.

A decree for alimony is based upon the husband's income;
and his resources and other helpful facts are taken into ac-

count in determining the amount.   Stewart, Mar. & Div. §
373; *Haywood* v. *Clark,* 50 Vt. 617; *Rozelle* v. *Rhodes,* 2 Am.
St. Rep. 591.

WATSON, J.   On dissolution of the marriage for the
cause of intolerable severity, the court decreed to the peti-
tioner as permanent alimony the sum of four hundred dollars
payable, one hundred dollars on the 20th days of October,
1903, January, April, and July, 1904, respectively, with in-
terest after maturity, if not paid, and made the same a charge
upon the petitionee's interest in certain real estate.   The peti-
tioner was also decreed all the articles of personal property
and the household furniture then in her possession.   It was
further decreed that the petitionee should pay to the clerk of
the court, for the benefit of the petitioner, the sum of thirty-
six dollars on the 15th day of October, 15th day of January,
15th day of April, and the 15th day of July annually there-
after, until further order of court, as a continuing alimony.
In the making of this last order the court took into considera-
tion the pension of twenty-four dollars per month which the
petitionee receives from the United States government for
disabilities resulting from his service as a soldier in the Civil
War, holding as a matter of law that the court might properly
consider that as a part of his financial resources.   To this
holding the petitionee excepted.   Beyond this no exception
was taken, and our consideration of the case is confined ac-
cordingly.

The Revised Statutes of the United States, § 4747,
provides that "No sum of money due, or to become due, to
any pensioner, shall be liable to attachment, levy, or seizure,
by or under any legal or equitable process whatever, whether
the same remains with the Pension Office, or any agent or
officer thereof, or is in the course of transmission to the pen-

sioner entitled thereto, but shall inure wholly to the benefit of such pensioner."

It is contended that by force of this section the court has no power to award pension money not received by the husband at the date of the decree, as alimony to a divorced wife. But this is not the question. The question is, had the court a right, as a matter of law, to consider such a pension as a part of the petitionee's financial resources?

The exemption under the law covers pension money only during its transmission to the pensioner. When it has been received by him, it has inured wholly to his benefit, within the meaning of this statute. Then, to the same extent as money from other sources, it is subject to attachment, levy, and seizure as opportunity presents itself. *McIntosh* v. *Aubrey,* 185 U. S. 122, 46 L. Ed. 834. And so, in effect, was the holding of this court in *Martin* v. *Hurlburt,* 60 Vt. 364, 14 Atl. 649.

Nor did the fact that it was neither property in hand nor the income of such property render its consideration improper. A husband's faculties are his capabilities of maintaining a family, ordinarily consisting of his income from whatever source derived, and they, with all the other circumstances surrounding the parties, should be taken into consideration when alimony or other annual allowance is decreed to be paid by the husband to the wife. 2 Bish. M. & D. §§ 1005, 1006, 1017. See, also, *Hedrick* v. *Hedrick,* 128 Ind. 522; *Tully* v. *Tully,* 159 Mass. 91; *Eidenmuller* v. *Eidenmuller,* 37 Cal. 364; and *Holmes* v. *Holmes,* 29 N. J. Eq. 9.

*Judgment affirmed.*

TYLER, J., dissents.