## JULIAN ET AL. v. BLISS ET AL.

[No. 11,850. Filed November 13, 1924. Rehearing denied February 18, 1925. Transfer denied March 31, 1925.]

1. DEEDS.—*Evidence held to sustain finding that deed had been delivered.*—Evidence *held* sufficient to sustain court's finding that deed had been delivered to grantee during grantor's lifetime. p. 599.

2. WITNESSES.—*Party to a suit for partition, though incompetent under §522 Burns 1914, may be called as a witness by a cross-complainant seeking to quiet title to a part of the land, under §526 Burns 1914.*—In an action by one heir for partition of land owned by the ancestor at the time of his death, where one heir filed a cross-complaint to quiet title in himself to a part of the land, the plaintiff is a competent witness as to conversation with the decedent relative to the ownership of said last-mentioned tract when called by the cross-complainant, the witness being adverse to the latter within the provisions of §526 Burns 1914, Acts 1883 p. 102. p. 599.

3. WITNESSES.—*In action for partition among heirs, heir competent to testify as to matters occurring after ancestor's death.*—In an action for partition among heirs, where one of them filed a cross-complaint to quiet title to a part of the land claiming to be the owner under a deed by the ancestor which had been lost, there was no error in permitting the cross-complainant to testify that after the ancestor's death, witness made a search among his papers for the deed and was not able to find it. p. 600.

From Cass Circuit Court; *Henry H. Vinton, Special* Judge.

Action for partition by Simeon M. Bliss against Sarah Julian and others, in which Edward B. Bliss filed a cross-complaint to quiet title to a part of the land. From a judgment for cross-complainant and partitioning the remainder of the land, the plaintiff and the other defendants appeal. *Affirmed.*

*Long & Yarlott,* for appellants.

*Kistler, Kistler & McHale,* for appellees.

MCMAHAN, J.—Complaint by appellee Simeon M. Bliss against his coappellees and appellants for partition and to quiet title to 685 acres of land in Cass

county, alleged in the complaint to have been owned by William O. Bliss at the time of his death. Appellee Edward B. Bliss filed a cross-complaint alleging that he was owner in fee of eighty-five acres of the land described in the complaint and asking that the title thereto be quieted in him.

From a decree in favor of Edward B. Bliss quieting his title to the eighty-five acres and partitioning the remainder of the land, appellants appeal and contend that the decision of the court in favor of the cross-complainant is not sustained by sufficient evidence, that it is contrary to law and that the court erred in admitting certain evidence.

The evidence is sufficient to establish the following facts: Appellants and certain of the appellees are nephews and nieces and the only heirs of William O. Bliss; that William O. Bliss being the owner of the eighty-five acres in controversy acknowledged a deed conveying the same to Edward B. Bliss who was not present when the deed was signed and acknowledged. After this deed was acknowledged, the officer before whom it was acknowledged handed it to the grantor William O. Bliss. It was never recorded. Its loss was proved and there is no direct evidence that it was or was not delivered to the grantee.

Lemuel R. Day testified that while he was a justice of the peace, William O. Bliss came to his office with a prepared deed conveying the eighty-five acres to Edward B. Bliss, that William O. Bliss signed and acknowledged the deed in his presence, that he, the witness, read the deed and that at that time he had a conversation with Mr. Bliss in which the latter said: "I want Ed. Bliss to have that land. If I make him a deed for it in my lifetime I know he would get it." The plaintiff Simeon M. Bliss, on being asked about a conversation which he had with William O. Bliss con-

cerning the land in controversy, testified as follows: "Well, I said this would be a nice place to build a house in. Half a block off the road, dust won't get them. You had better give me that so I can get married, settle down and make a nice home. He said, no, I have already deeded that to Ed." Silas Huffman who lived on land owned by William O. Bliss, testified that the latter told him he would not sell the eighty-five acres; that he had "made Ed. a deed for it." William Lawhead, lived with Mr. Bliss at and for some time prior to his death. He testified that one Hilkert came to the place one day and wanted to list the eighty-five acres for sale, and that Mr. Bliss, said: "No, I don't want to sell it, it isn't for sale." He also testified that in the evening of the day when Mr. Hilkert was there, the witness had a conversation with Mr. Bliss in which he said that if he were Mr. Bliss he would sell the land in question, and that Mr. Bliss said: "I can't sell it. Ed. has a deed for it."

1. The evidence in our judgment is sufficient to sustain an inference that the deed was delivered to Edward Bliss during the lifetime of the grantor.

Appellants next contend that the court erred in permitting Simeon Bliss, a witness for the cross-complainant, to testify as to the conversation with William Bliss in which the latter said he had deeded the eighty-five acres to Edward Bliss. Section 522 Burns 1914, §499 R. S. 1881, provides that: "In all suits by or against heirs or devisees, founded on a contract with or demand against the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor." But §526 Burns

1914, Acts 1883 p. 102, gives any party to such suit the right to call and examine any party adverse to him as a witness. Simeon Bliss was a party adverse to Edward Bliss. The court did not err in overruling appellants' objection to the competency of Simeon Bliss as a witness.

There was no error in the action of the court in permitting Edward Bliss to testify that after the death of William O. Bliss he made a search among his papers for the deed to the eighty-five acres and was not able to find it.

3.

The judgment is affirmed.