BAILEY *v.* STATE OF INDIANA.

[No. 25,874. Filed January 26, 1934. Rehearing denied May 25, 1934.]

*Floyd G. Christian, Ralph H. Waltz,* and *Waldo C. Ging,* for appellant.

*James M. Ogden,* Attorney-General and *V. Ed. Funk,* Deputy Attorney-General, for the State.

HUGHES, J.—This was an action by the State of Indiana against the appellant, charging him with the crime of unlawful and felonious transportation of intoxicating liquor in an automobile. There was a trial by jury, a verdict of guilty and the defendant was sentenced to the Indiana Reformatory for a period of not less than one nor more than two years and fined fifty dollars.

The assignment of errors is as follows: (1) The court erred in overruling appellant's motion to suppress the evidence; (2) the court erred in overruling appellant's motion for a new trial.

On November 19, 1929, the defendant, appellant herein, filed a motion to suppress evidence, and the State of Indiana, appellee, filed an answer to said motion. Evidence was then heard on the motion and the court overruled the motion to suppress, gave the defendant an exception, and 60 days to file a bill of exceptions. The exceptions were not filed, if filed at all, until February 3, 1930, more than 60 days from November 19, 1929, and therefore this bill of exceptions is not properly in the record, and no question is presented as to the motion to suppress the evidence.

All questions presented in the motion for a new trial, except reasons 2, 3, 4, 30, and 31, depend upon the evidence given in the cause and the evidence is not properly in the record.

The bill of exceptions containing the evidence is not certified to by the trial judge and therefore not properly in the record. *Smith* v. *State* (1926), 198 Ind. 484, 154 N. E. 3; *Miller* v. *State* (1922), 193 Ind. 216, 139 N. E. 306.

After a bill of exceptions is signed by the judge it must be filed by the clerk, and this must affirmatively be shown by the record. This is not shown. *Barker* v. *State* (1919), 188 Ind. 493, 124 N. E. 681.

Reasons 2, 3, 4, 30, and 31, assigned in the motion for a new trial set out that the defendant was not arraigned, but the record affirmatively shows that the defendant was in court in person, and by his attorneys, Waldo C. Ging, and John F. Wiggins, and waived arraignment, and plead not guilty, and there is nothing properly in the record to dispute this fact.

The appellant has attempted to raise a question as to the giving of certain instructions. No instructions are in the record. In order to bring instructions in a criminal case into the record, it must be done by a special bill of exceptions and this was not done. *Goodman* v. *State* (1918), 188 Ind. 70, 121 N. E. 826; *Barker* v. *State, supra; Hahn* v. *State* (1916), 185 Ind. 210, 113 N. E. 725.

Judgment affirmed.

### On Petition for Rehearing.

Hughes, J.—On petition for rehearing, we have reexamined the record, and find no cause therefor.

The only certificate of the judge in the record, p. 128, is the one to the bill of exceptions containing the evidence heard on the defendant's motion to suppress the evidence. There is no certificate of the judge to the original bill of exceptions containing the evidence heard at the trial. In the index to the transcript, page 41, containing the evidence, it is indicated that the judge's certificate is to be found on page 70, but there is no such certificate and neither is there any such page. All we find is the certificate of the official reporter.

Petition for rehearing denied.