BERMAN ET AL. *v.* DRUCK ET AL.

[No. 27,826.   Filed March 16, 1943.]

242

*John W. Niemiec,* of South Bend, and *David F. Dockman,* of Chicago, Illinois, for appellants.

*Miller & Miller,* of Logansport, for appellees.

SWAIM, J.—In this action Rae Druck claimed to be the owner, and entitled to the transfer and delivery of stock certificates evidencing such ownership, of two hundred fifty shares of capital stock of the Pharos Tribune Company, the certificates for which stock were found among the papers and securities of her brother, Samuel O. Berman, after his death. Her claim to this stock was based on a purported gift thereof to her by said brother during his lifetime. It is claimed that her brother gave her this stock in the home of their sister, Fannie Clyman, in Chicago and that the gift was made

in the presence of said Fannie Clyman and her husband, Joseph Clyman; that the brother handed claimant three certificates of stock totaling two hundred fifty shares, endorsed by him in blank and said, "These are yours"; that in answer to a question as to what it meant he said, "Now you are a partner in my business"; that just before doing this the brother had handed the sister, Fannie Clyman, certificates for one hundred shares of the stock of said company and had said to her, "Here, this is for you"; and that about one year later, when they were again all together in the Clyman home, the stock certificates which he had so given were handed back to him for the purpose of having the stock transferred on the books of the corporation.

The four other sisters and brothers of said decedent, who together with the claimant were his sole heirs, and the National Bank of Logansport and Abe Berman, as co-administrators of his estate, were made parties defendant to this action. The prayer of the complaint asked that Rae Druck be adjudged the owner of said stock and that the co-administrators of said estate be ordered and directed to transfer and deliver to her properly executed certificates for said stock.

From a judgment in favor of the claimant, the appellants, Abe Berman and Harry Berman, who were also brothers and heirs of the decedent, have prosecuted this appeal. They rely for reversal on the alleged error of the court in permitting the sister, Fannie Clyman, and her husband, to testify as to the acts and statements of the decedent in their home concerning this stock. The appellants also complain of the admission of testimony of the witness, William A. Denniston, as to a certain statement made by claimant after the death of the decedent. The appellants insist that Fannie Clyman was incompetent as a witness on behalf

of her sister because of the provisions of §§ 2-1715 and 2-1716, Burns' 1933, §§ 304 and 305, Baldwin's 1934.

If she was incompetent under either of these statutes then her husband, Joseph Clyman, was also disqualified by the provisions of § 2-1720, Burns' 1933, § 307, Baldwin's 1934. If, on the other hand, Fannie Clyman, was properly called as a witness to testify on behalf of her sister then her husband was also competent to so testify.

The appellants contend that in this action the interest of Fannie Clyman was adverse to the estate and that she was, therefore, incompetent to testify concerning the gift of the stock to her sister. Appellants admit that the share of Fannie Clyman in her brother's estate would be diminished if her sister is successful in establishing her ownership of this stock, but insist that if the sister's claim to this stock should be established it will then be possible for Fannie Clyman to prove her ownership of the one hundred shares of stock purported to have been given to her, and that, therefore, the net result of her sister's claim being established would. be a gain to Fannie Clyman.

Appellants admit that if the interest of Fannie Clyman was not adverse to the estate she was not incompetent as a witness under § 2-1715, Burns' 1933, § 304, Baldwin's 1934, and that if her interest was adverse to the claim of Rae Druck her use as a witness by Rae Druck was authorized by § 2-1718, Burns' 1933, § 308, Baldwin's 1934, which provides that in all cases referred to in § 2-1715, § 2-1716, Burns' 1933, § 304, § 305, Baldwin's 1934, any party to such a suit shall have the right to call and examine as a witness any party adverse to him.

We must, therefore, determine whether the interest of Fannie Clyman was adverse to the claim of Rae

Druck or was adverse to the estate. The only claim presented in this action is the claim of Rae Druck for the two hundred fifty shares of stock of which she claims to be the owner. There is no contention that Fannie Clyman would participate in any manner in these shares if they are recovered by her sister. On the other hand it is admitted that she will benefit as one of the five heirs of the estate if it is determined that the shares belong to the estate. If these were the only facts to be considered the interest of Fannie Clyman clearly would have been adverse to the sister's claim and she would have been a competent witness to testify on behalf of her sister. *Owings* v. *Jones et al.* (1898), 151 Ind. 30, 51 N. E. 82; *Julian et al.* v. *Bliss et al.* (1925), 82 Ind. App. 597, 145 N. E. 442; *Lewis, Adm.* v. *Buskirk* (1896), 14 Ind. App. 439, 42 N. E. 1118.

Nor does the fact that the witness has a similar claim pending against the estate in which she is seeking to establish her ownership of other shares of stock necessarily disqualify her as a witness for her sister. *Benge's Administrator* v. *Fouts* (1917), 174 Ky. 654, 192 S. W. 703.

Here the gifts by the decedent to his sisters were separate and independent gifts although made at the same place and at approximately the same time. There was a separate delivery to each sister and a separate statement to each indicating the intention of the brother. There was sufficient evidence to establish either gift independently of the other. The appellants seem to insist that the gift here involved could not be established without establishing the gift to Fannie Clyman, but with this contention we cannot agree. In the argument before this court counsel for appellants admitted that if the gifts had been made at

different places or at different times they would have been independent gifts and the two sisters would not have had such a common interest as to disqualify them as witnesses for each other. We fail to see how the fact that the gifts here were made at the same place and at the same time gives the donees such a common interest.

In *Benge's Administrator* v. *Fouts, supra,* it was held that three claimants against an estate for similar claims growing out of contracts for services, which were entered into with the decedent about the same time, were competent to testify for each other against the estate. The court there pointed out that their having these similar claims might affect their credibility but did not affect their competency. So in this case the fact that the two sisters had similar claims arising from gifts made to them at the same place and at the same time might well be considered in determining their credibility when testifying for each other, but this fact did not give them such a common interest adverse to the estate as to make them incompetent to testify for each other as against the estate.

The other question relied on by the appellants relates to the admission of the testimony of William A. Denniston, the president of the National Bank of Logansport, in reference to a statement made by the appellee, Rae Druck. Said bank and Abe Berman were co-administrators of the decedent's estate. The statement in question was made while the witness, representing the bank, and Abe Berman, in the presence of Mrs. Druck and others, were examining and making an inventory of the papers and securities of the decedent, which they found in the safe in his office. Among the securities so found were two certificates of deposit for $2,500.00 to which there was attached a

slip of paper on which there was written in the hand-writing of the decedent the name of Rae Druck and the numbers and amounts of the certificates. There was evidence tending to show that these certificates of deposit represented a dividend on the stock given to the claimant. Referring to these certificates the witness was asked, "At the time these certificates were found, was anything said at that time and place by Mrs. Rae Druck?" To this question the appellants objected upon the ground that what she said would be a self-serving declaration and that she was disqualified under the statutes to testify. The objection was overruled and the witness answered, "She laid claim to the certificates." The court sustained the motion to strike this answer from the record and the witness was then asked, "What she said?" to which the witness answered, "I don't think I can remember what she said." Q. "In substance what is your best recollection of the phrase that she used?" A. "As soon as she saw them she said they were hers." There was no objection to the question that elicited this answer and the witness then volunteered the further answer, "She said they were her certificates, as I remember it." The appellants moved to strike out this answer for the reason that it was a conclusion of the witness, which motion was overruled. If we could assume that the objection made to the first question carried on down to the subsequent question which finally elicited the answer objected to, we are of the opinion that the objection made by the appellants to the question stated no valid ground for excluding the evidence.

The witness was here testifying as to an occurrence which happened after the death of the decedent. Neither § 2-1715 nor § 2-1716, Burns' 1933, § 304, § 305, Baldwin's 1934, prevents a party from testifying as to

a matter which occurred after the death of the decedent. Nor was this such a self-serving declaration as to make it inadmissible. It was made in the presence of the appellant, Abe Berman, and only tended to prove what all parties admitted, that Rae Druck claimed to be the owner of the stock. She claimed ownership in her complaint and the answer filed thereto by the co-administrators expressly admitted that she claimed such ownership. It cannot be reversible error to admit evidence which only tends to prove an admitted fact and which is not prejudicial for some other reason.

While counsel for the appellants in the argument before this court stated that the questions above considered were the ones on which appellants relied, we have examined the other propositions presented by their brief but find they are also without merit and show no reversible error.

The judgment is affirmed.

Note.—Reported in 47 N. E. (2d) 142.