**Austin PAXTON, Appellant (Respondent Below)**

v.

**Jo Ann PAXTON, Appellee (Petitioner Below).**

**No. 2–980A298.**

Court of Appeals of Indiana, Second District.

June 1, 1981.
Rehearing Denied Aug. 26, 1981.

John W. Donaldson, David F. Truitt, Donaldson & Andreoli, Lebanon, for appellant.

BUCHANAN, Chief Judge.

### CASE SUMMARY

Austin Paxton (Austin) appeals from a Decree of Dissolution awarding maintenance to his wife Jo Ann Paxton (Jo Ann), claiming trial court error in that (1) the finding of impairment is not supported by sufficient evidence, (2) maintenance should not have been awarded because Austin himself is incapacitated, and (3) his social security and firemen's pension fund may not be attached and considered in awarding maintenance.

We affirm.

### FACTS

Jo Ann initiated this action on August 21, 1979, by filing a Petition for Dissolution of Marriage. At a hearing on the Petition for Dissolution, Jo Ann testified concerning her physical impairment:

Q. Okay. Your income is what we call S.S.I, you are disabled, is that correct?

A. Yes.

Q. And what is your disability?

A. I have rheumatoid arthritis and uncontrolled hypertension.

Q. And you are able to hold any job because of this?

A. No.

*Record* at 64.

Also disclosed at the hearing was that Austin's income consists of $233.00 per month from social security disability payments plus $459.15 per month from a pension fund established for firemen of Frankfort, Indiana ($692.15 per month total).

In awarding maintenance to Jo Ann of $112.50 per month, the trial court specifically found that she was disabled and that, although the pension and social security were not attachable, they could be considered in determining the amount of maintenance. The Decree of Dissolution reads in part:

> The Court further finds that Petitioner is disabled and the Respondent's firemen's retirement and Social Security are not attachable but are proper items to consider for an award of temporary maintenance payable to petitioner in the amount of $112.50 per month.

> Further, the Court finds that Petitioner shall pay $360.00 of the bill due and owing to Sears Roebuck and Co., and Respondent shall be responsible for the balance due and owing to Sears Roebuck and Co.

*Record* at 45.

## ISSUES

1. Is the finding of incapacity supported by the evidence?

2. May maintenance be awarded to Jo Ann even though Austin also is physically or mentally incapacitated?

3. May income from Austin's social security and firemen's retirement fund (pension) be considered and awarded in providing maintenance?

## DECISION

*ISSUE ONE—Incapacity*

Is the finding of incapacity supported by the evidence?

*PARTY'S CONTENTION*—Austin says that the finding of incapacity, a prerequisite to an award of maintenance, is not supported by sufficient evidence because no medical testimony confirmed Jo Ann's testimony.

Jo Ann has not favored us with an appellee's brief.

*CONCLUSION*—The issue is waived.

■ Because Jo Ann has not submitted an appellee's brief, Austin may obtain reversal upon demonstrating prima facie error. *Day v. West*, (1978) Ind.App. 373 N.E.2d 935; *Colley v. Carpenter*, (1977) Ind. App., 362 N.E.2d 163. However, Austin has waived the sufficiency issue by failing to cause a judge's certificate to be attached to the transcript of the trial proceedings.

■ Ind.Rules of Procedure, App. Rule 7.2(A)(4) explicitly provides for the trial judge's signature and certification of the transcript. Failure to comply waives consideration of any issue which can only be ascertained by reference to the record. *Dahlberg v. Ogle*, (1977) 266 Ind. 524, 364 N.E.2d 1174; *Bailey v. State*, (1934) 206 Ind. 547, 188 N.E. 575; *Rosenblower v. Schuetz*, (1894) 141 Ind. 44, 40 N.E. 256; *Taylor v. Butt*, (1972) 154 Ind.App. 196, 289 N.E.2d 159. *See Stewart v. State*, (1980) Ind., 402 N.E.2d 973 (burden of providing appellate court with proper record is on appellant).

■ Had the issue not been waived, the result would be the same. The finding of incapacity was supported by sufficient evidence.

Ind.Code § 31–1–11.5–9(c) permits an award of maintenance to a spouse only if that spouse is incapacitated. Jo Ann testified that she was incapacitated and could not work. Austin claims that such testimony, absent corroborating medical testimony,

is insufficient to support an award and cites four Indiana cases which do not support his contention.[1] So the finding of incapacity stands.

*ISSUE TWO—Concurrent Incapacity—*

■ Can maintenance[2] be awarded to Jo Ann even though Austin also is physically or mentally incapacitated?

*PARTY'S CONTENTION*—Austin contends that the statute providing for maintenance does not contemplate an award of maintenance to one spouse when the other spouse also is "incapacitated."

*CONCLUSION*—Maintenance may be awarded to Jo Ann even though Austin may be physically or mentally incapacitated.

The trial court made only one specific finding as to incapacity, *i. e.,* "that Petitioner [Jo Ann] is disabled." No finding was made as to Austin, although there was evidence of his physical disability. According to the Dissolution Statute, maintenance may be awarded only in the limited circumstances detailed in IC § 31–1–11.5–9(c) (emphasis added), which reads

The court may make *no* provision for maintenance except that when the court finds *a spouse* to be physically or mentally *incapacitated* to the extent that the ability of such incapacitated spouse to support himself or herself is materially affected, the court may make provision for the maintenance of said spouse during any such incapacity, subject to further order of the court.

1. Austin does not contend that Jo Ann's testimony was inadmissible.

2. The decree speaks in terms of "temporary maintenance." That term is customarily found in provisional orders pursuant to I.C. § 31–1–11.5–7, which allows for temporary maintenance before a final decree. Although a finding of incapacity is unnecessary for temporary maintenance, *see Wendorf v. Wendorf,* (1977) Ind.App., 366 N.E.2d 703; *Castor v. Castor,* (1975) Ind.App., 333 N.E.2d 124, the award terminates when the case is dismissed or the dissolution decree is entered. *In re Marriage of Lewis,* (1977) Ind.App., 360 N.E.2d 855.

"Permanent" maintenance, however, is the term customarily found in a decree of dissolution pursuant to I.C. § 35–1–11.5–9(c). Under

■ To the extent Austin claims that an award is improper when both spouses are "incapacitated," he implicitly speaks to the discretionary power of the trial court to award maintenance. In exercising its discretion to award maintenance, one factor the trial court must consider is "the ability of the spouse for whom maintenance is sought to meet his needs while meeting those of the other spouse seeking maintenance." *Temple v. Temple, supra,* at 230. So it would seem whether a husband is incapacitated goes to the court's discretion to award maintenance, not to its power.

There is no language in the Dissolution Act which can directly or indirectly be construed as prohibiting a trial court in its discretion from requiring an "incapacitated" spouse to pay maintenance to a spouse specifically found to be mentally or physically incapacitated. Austin cites no case or statutory authority to the contrary, and we know of none.

*ISSUE THREE—Source of Income—*

May income from Austin's social security and firemen's retirement fund (pension) be considered and awarded in providing maintenance?

*PARTY'S CONTENTION*—Austin claims that in providing maintenance to Jo Ann the trial court may neither attach nor consider his disability income from social security or his firemen's pension. The social security benefits, he says, may not be attached or considered under the terms of the

that statute, maintenance may be awarded only if the recipient is incapacitated, *In re Marriage of Lewis, supra; Liszkai v. Liszkai,* (1976) 168 Ind.App. 532, 343 N.E.2d 799; *Temple v. Temple,* (1975) 164 Ind.App. 215, 328 N.E.2d 227, and is permanent, "subject to further order of the court." I.C. § 35–1–11.5–9(c).

The maintenance award to Jo Ann was a part of the final decree of dissolution which included a specific finding of incapacity. So the award here styled as "temporary" must have been intended as permanent maintenance, albeit "temporary" in the sense that it is "subject to further order of the court." The parties have treated the award as an award for permanent maintenance, and so shall we. *See In re Marriage of Lewis, supra.*

Social Security Act, 42 U.S.C. § 301 *et seq.* (1974), and the pension may not be attached or considered under the terms of the Indiana exemption statute, IC § 18–1–12–11.

*CONCLUSION*—Income from Austin's social security was properly considered and awarded in providing maintenance, and income from his pension while not awarded was properly considered in providing maintenance.

Although the trial court purported to consider but not attach income from social security and the pension, the proper question is whether the purpose of the anti-attachment statute was violated.[3] Austin's total income is comprised of the social security benefits and the pension. The award for maintenance ($112.50) was less than the monthly income from the social security ($233.00) and the pension ($459.15), so income from one source was awarded in providing maintenance. *See Hisquierdo v. Hisquierdo,* (1979) 439 U.S. 572, 99 S.Ct. 802, 809, 59 L.Ed.2d 82 (order to pay monetary equivalent of Railroad Retirement income to wife as husband receives income held to violate the spirit of an anti-attachment statute). Accordingly, we determine whether these payments could properly be considered and awarded in providing maintenance without violating the purpose of anti-attachment statutes.

## A. Social Security

■ Social security benefits may be considered and awarded in providing maintenance by the very terms of the Social Security Act. Under federal law, legal process may be invoked against a recipient of social security benefits for "his legal obligation to provide child support or make *alimony* payments." 42 U.S.C. § 659(a) (1975) (emphasis added). The definition of "alimony" for the purposes of this section includes "maintenance" and "support." *Id.* § 662(c).

Cases cited by Austin, *Hisquierdo v. Hisquierdo, supra,* and *Umber v. Umber,* (1979) Okla., 591 P.2d 299, do not call for a different result. The rule in those cases was that social security benefits could not be reached as a property settlement but could be reached for support payments.

Thus we conclude that social security benefits could properly be awarded by the trial court in providing maintenance. Because the trial court specifically considered the pension in determining maintenance, we should determine whether it properly did so.

## B. Pension

An Indiana general exemption statute precludes legal execution against benefits payable from the firemen's retirement fund (pension), IC § 18–1–12–1 *et seq.* The exemption statute, *id.* § 18–1–12–11, reads:

No part of such pension fund shall, either before or after any order for the distribution thereof to members of such fire force, or to the widows or guardians of any such child or children or to the dependent father, mother, brother or sister of any such deceased, disabled or retired member of such force, be held, seized, taken, subjected to, detained, levied on by virtue of any attachment, execution, judgment, writ, interlocutory or other order, decree or process, or proceedings of any nature whatever issued out of or by any court in this or any other state for the payment or satisfaction, in whole or in part, of any debt, damages, claim, demand, judgment, fine, amercement of such member or his widow or children, or of the dependent mother or father, sister or brother of any deceased member; but the said fund shall be sacredly kept, secured, promoted and distributed for the purpose of pensioning the persons named in this act, and for no other purpose whatever: Provided, That said board may annually expend such sum as it may deem proper from such fund for the necessary expenses connected therewith.

---

**3.** "An attachment is an ancillary proceeding auxillary or incidental to the main action, by which the alleged debtor's property, subject to execution, is taken to secure the payment of any judgment that may be rendered in the main action." *Commercial Credit Corporation v. Ensley,* 136 Ind.App. 389, 391, 199 N.E.2d 108, 109. The source of income was not attached, but we still consider whether the *purpose* of the anti-attachment statutes were violated.

This statute exempts the pension from claims of creditors and other judgment holders; however, Austin's contention that the statute exempts pension payments from consideration in providing maintenance is not new to the law, and legion are the cases rejecting his position.

■ Most courts rejecting his contention have done so on the ground that the exemption statutes do not apply to support orders. For example, in holding that a Wisconsin firemen's pension fund was not protected by an exemption statute from a claim for alimony and child support, the supreme court of that state said:

> A pension of this sort is as much for the benefit of the family and dependents of the pensioner as it is for him, and their claims cannot be defeated by relying on the exemption clause.

*Saunders v. Saunders,* (1943) 243 Wis. 94, 95, 9 N.W.2d 629, 629–30. The pension is for the benefit of the family "because of the inherent nature and purpose of the obligation [of support]. It does not arise from any business transaction, but from the marital relation." *In re Bagnall,* (1947) 238 Iowa 905, 937, 29 N.W.2d 597, 614. *Accord, Tully v. Tully,* (1893) 159 Mass. 91, 34 N.E. 79; *Hannah v. Hannah,* (1940) 191 Ga. 134, 11 S.E.2d 779; *Stirgus v. Stirgus,* (1935) 172 Miss. 337, 160 So. 285; *McGrady v. McGrady,* (1892) 48 Mo.App. 668; 22 A.L.R.2d 1421 (1952).

Further, that the Indiana exemption statute was not intended, when enacted in 1905, to preclude consideration of the pension income in providing maintenance finds support in the language of the exemption statute, which provides that the funds may not be seized before distribution to "members of such fire force, or to the widow or guardians of any such child or children." IC § 18–1–12–11. It would seem that the opportunity for the family to benefit from the pension was meant to be protected from *others*, not that the pension was to be protected from the *family*.

However, it is not necessary for us to go so far as to say that the exemption statute does not prevent awards for maintenance because our direct concern is whether the pension may be "considered," not awarded, in providing maintenance. We need neither accept nor reject the reasoning of those courts which have concluded that the pension may be awarded on the ground that the exemption statute is inapplicable to income applied to maintenance.

■ Instead, we emphasize that the exemption statute, which obviously seeks to protect the family, in no way purports to limit a court's consideration of pension benefits. Accordingly, the pension may be considered for the maintenance of a spouse. *See Wheeler v. Wheeler,* (1912) N.J.Eq., 94 A. 85; *Bailey v. Bailey* (1904) 76 Vt. 264, 56 A. 1014.

To so hold is consistent by analogy with those opinions saying that pensions which are not vested may not be divided as property, yet may be "considered" in dividing property to the extent there is tangible property to divide. *Libunao v. Libunao,* (1979) Ind.App., 388 N.E.2d 574; *Hiscox v. Hiscox,* (1979) Ind.App., 385 N.E.2d 1166. The firemen's pension under consideration here becomes another source of income which the trial court is charged with taking into account in discharging its affirmative duty to evaluate "the ability of the spouse for whom maintenance is sought to meet his needs." *Temple v. Temple, supra,* 328 N.E.2d at 230.

In sum, the provision for maintenance by the trial court to Jo Ann can be supported on the basis that Austin's social security disability income could properly be considered and awarded in providing maintenance, and his firemen's pension could properly be considered in providing maintenance.[4]

We affirm.

NEAL, P. J. (by designation), and SULLIVAN, J., concur.

---

4. Austin finally argues that the provision for maintenance was an abuse of discretion for the

reasons that the pension should have been excluded from consideration and maintenance

can not be provided when both spouses are incapacitated. Having held contrary to his assertions, his argument must fail.