Robb, Judge, concurring in part and dissenting in part.
[14] I respectfully dissent from the majority's resolution with respect to spousal *822 maintenance.[5] I agree with the majority that an award of spousal maintenance is a matter within the trial court's discretion, see slip op. at ¶ 5, and that even if a trial court were to find a spouse incapacitated, it is not required by the statute to award maintenance, see id. at ¶ 8; but see Cannon , 758 N.E.2d at 527 (noting that although the statutory language makes a maintenance award discretionary, "the trial court should normally award incapacity maintenance" if it finds a spouse is mentally or physically incapacitated). I also agree that an SSD award does not necessarily equate to incapacity in every situation. See id. at ¶ 9 n.3.
[15] Despite my agreement with these general principles of law, I am unable to agree with the majority that on these facts, the trial court did not abuse its discretion. The trial court stated it was unsure if Dorothy's benefits were for disability or retirement, mentioned Dorothy's age as the reason for her not working, and implied that Dorothy was required to present evidence other than her own testimony that she was unable to work due to her disability. These findings suggest to me that the trial court did not apply the appropriate standard in determining whether Dorothy should be awarded spousal maintenance.
[16] As the majority notes, Dorothy's benefits were clearly for disability and no one suggested otherwise. Although receiving such benefits does not automatically entitle her to spousal maintenance, that she has been deemed eligible for such benefits should be a consideration in the trial court's determination. Her inability to work is not a function of her age, it is a function of her disability, which caused her to cease working in 1996. For the ensuing nearly twenty years, Mark has benefited from her SSD payments and provided for any financial shortfall. She has no safety net now. And finally, in Paxton v. Paxton , 420 N.E.2d 1346, 1348 (Ind. Ct. App. 1981), we held that medical testimony was not required to support an award of incapacity maintenance based on the wife's testimony that she was receiving Social Security disability benefits due to her rheumatoid arthritis and hypertension and that she was unable to hold a job due to her disability. Dorothy testified extensively about the nature and extent of her disability and how it affects her life and ability to work at even a sedentary job. See Tr. Vol. II at 47 (Dorothy testifying that she is unable to use a computer for more than fifteen or twenty minutes at a time because it bothers her hands and shoulders and sitting is difficult due to her arthritis ). Testimony and evidence indicating Dorothy's expenses exceed her SSD benefits - which now comprise her sole income - was uncontradicted and her expenses were not challenged as unreasonable.
[17] To the extent the trial court's findings indicate it may have failed to consider that Dorothy receives SSD benefits, determined her disability did not materially affect her ability to support herself because her age would have impacted her earning ability regardless, and required additional evidence Dorothy was not required to offer to support her request, I believe the trial court abused its discretion. I would remand for the trial court to reconsider Dorothy's request for spousal maintenance in light of the correct standard.

I concur with respect to the property valuation issue.