### HARPER ET AL. *v.* KEYS.

ATTACHMENT.—*Liability on Bond.*—The statute does not require, in order to give the defendant in an attachment proceeding an action on the undertaking, that there should have been an issue made on the affidavit and a finding in favor of the defendant thereon.

SAME.—There may be two results in an attachment proceeding without any issue upon the affidavit, either of which would entitle the defendant to his action upon the undertaking; first, when the plaintiff has failed in his action, and the proceeding is wrongful and oppressive; second, when, although the plaintiff has succeeded in his action, the proceeding has been wrongful and oppressive.

SAME.—If attachment proceedings are wrongful and oppressive, that gives the defendant a right of action, whether the plaintiff has a good cause for his main action, or not, or whatever may be the result of the principal action.

From the Kosciusko Common Pleas.

*Jameson & Calkins, J. W. Gordon, T. M. Browne, R. N. Lamb,* and *J. N. Kimball,* for appellants.

*A. G. Porter, B. Harrison,* and *C. C. Hines,* for appellee.

DOWNEY, C. J.—This was an action by the appellee against the appellants founded upon an undertaking executed by them for an attachment in a suit brought by Harper against the

Harper *et al. v.* Keys.

appellee. There was judgment in this case in favor of the appellee, from which this appeal was taken. The errors assigned here are the overruling of the demurrer of the defendants to the complaint, sustaining the demurrer of the plaintiff to the second paragraph of the answer, overruling the defendants' motion for a new trial, and rendering judgment on the verdict of the jury when the complaint does not state facts sufficient to constitute a cause of action. The evidence is not in the record. The last assignment of error involves no question not presented by the first. It is, therefore, only necessary for us to decide the questions as to the sufficiency of the complaint, and as to the sufficiency of the second paragraph of the answer.

The complaint states, in substance, that the plaintiff was engaged, in December, 1870, in Fulton county, in the business of selling dry goods and groceries, was gradually becoming acquainted with the people, and building up a business, with a stock in hand of eight thousand dollars; that Harper held two notes against him, and in December, 1870, sued him on one of them; that believing he had a good defence to part of the amount, he employed counsel and prepared for his defence; that the cause was not reached in time for trial at that term of the court, the January term, 1871. It is further stated that previous to the March term, 1871, the other note matured, and Harper instituted legal proceedings on it against the plaintiff for the collection thereof, and on the 1st day of March, 1871, maliciously and fraudulently intending and contriving to injure and oppress the plaintiff, and to interrupt him in the prosecution of his business, without any just or legal cause, applied for and obtained an attachment against the goods, etc., of the plaintiff, filing therefor an affidavit, in which he stated that the defendant therein had sold, conveyed, and otherwise disposed of his property subject to execution, with intent to delay and hinder, cheat and defraud his creditors, and that he was about to sell, convey, and otherwise dispose of his property subject to execution, with such intent (the affi-

davit being set out in full in the complaint) ; that to obtain said attachment, the defendant executed the undertaking on which this suit is predicated, which is also set out in full in the complaint. The writ or order of attachment is also set out in full.

It is further alleged that the sheriff by authority of the order or writ of attachment, under the direction of Harper, seized the entire stock of goods of the plaintiff, closed up the store, and stopped his business; and the return of the sheriff is also set out in the complaint. The affidavit stated the amount which the plaintiff in the action ought to recover at seventeen hundred dollars. The amount in the order of attachment was stated at nineteen hundred dollars, and it is alleged that the goods seized were worth seven thousand dollars ; that the attaching of the entire stock of goods threw the plaintiff in this action out of business and deprived him of the means of support for himself and family ; that the allegations in the affidavit of Harper, for the attachment, respecting the plaintiff's having disposed of, or being about to dispose of, his property with intent to cheat, hinder, delay, and defraud his creditors, are false and without the slightest foundation in fact, and were fraudulently and maliciously made by the said Harper with intent to injure and oppress the plaintiff; and the plaintiff says that the said suit in attachment has been determined in his favor, and that said Harper has wholly failed to prosecute said suit to effect, and has wholly failed to pay the damages sustained by the plaintiff herein, by reason of said attachment proceedings ; that the proceedings in attachment were and are without just cause, wrongful and oppressive, malicious and fraudulent ; that by reason thereof the plaintiff's business has been broken up and his credit in the community damaged, etc., and that he has been compelled to make a large sacrifice on his goods, to prevent them from being damaged and depreciated in value by being kept a long time in the hands of the sheriff, in consequence of his inability to give security for the purpose of releasing the same, and the

Harper *et al. v.* Keys.

necessity of selling the same while in the hands of the sheriff for the best price which he could realize therefor, and which was at least twenty-five hundred dollars less than they were worth; wherefore, etc.

The objection urged to the complaint is, that it does not sufficiently set forth the facts of the attachment case; that the record of the attachment suit with the issues therein joined upon the affidavit should have been set forth. It is urged that it is too late to raise a question of the groundlessness of the attachment in an action on the attachment bond, where there is no averment in the complaint that the question was raised in the attachment suit itself; that the main fact, that the original action was settled and determined in favor of the defendant therein, is not enough to authorize an inference that the attachment was wrongful and oppressive; that the attachment was but an incident of the complaint and must fall with it, and even where it fell with the main action may not have been wrongful and oppressive.

The statute provides, that the plaintiff obtaining an attachment, or some one in his behalf, shall execute a written undertaking, with sufficient surety, to be approved by the clerk, payable to the defendant, to the effect that the plaintiff will duly prosecute his proceeding in attachment, and will pay all damages which may be sustained by the defendant, if the proceedings of the plaintiff shall be wrongful and oppressive. 2 G. & H. 140, sec. 160.

The undertaking on which this action is founded was executed in conformity to this statute, and, after the title of the court and names of the parties to the action, is as follows: " We bind ourselves to the defendant, Oliver A. Keys, that the plaintiff, William H. Harper, shall duly prosecute his proceeding in attachment in the above entitled cause, and will pay to said defendant all damages which he may sustain if said proceedings shall be wrongful and oppressive." Signed by the defendants.

The statute which authorizes the action upon the undertaking reads thus: " Every defendant shall be entitled to an

action on the written undertaking of the plaintiff or creditor, by whose proceedings in attachment he shall have been aggrieved, if it shall appear that the proceedings were wrongful and oppressive, and he shall recover damages at the discretion of the jury."

It will be seen that this statute does not require, in order to give the defendant in the attachment proceeding an action on the undertaking, that there should have been an issue made on the affidavit and a finding in the attachment proceeding in favor of the defendant therein.

It appears to us that there may be two results in the action, without any issue upon the affidavit, either of which would entitle the defendant to his action on the undertaking; first, when the plaintiff fails in his action, and the proceedings in attachment were wrongful and oppressive; and, second, where, although the plaintiff succeed in his action, the proceedings in attachment have been wrongful and oppressive. It is evident that the plaintiff may have a cause of action against the defendant, and yet have no sufficient and justifiable grounds on which to sue out an attachment and seize his property. If he have no cause of action, that fact, in connection with the fact that the attachment proceeding was wrongful and oppressive, if not of itself, would certainly give the defendant a right of action. In other words, if the attachment proceedings are wrongful and oppressive, that gives the defendant a right of action, whether the plaintiff has a good cause for his main action or not, or whatever may be the result of the principal action. But in this case it is alleged that the attachment proceeding was wrongful and oppressive, that the suit in attachment had been determined in favor of the plaintiff herein, and the facts showing his damage from the attachment proceeding are specially stated. We think there is no valid objection to the complaint.

The second paragraph of the answer, to which the demurrer was sustained, and the sustaining of which is the second error assigned, alleges that, in the suit of Harper

against Keys, referred to in the complaint, and in which suit the attachment proceedings described in the complaint were instituted, no issue was made as to the truth of the facts alleged in the affidavit filed by Harper, as the ground of the attachment and as the cause of the issuing of the writ therein, and that no judgment was rendered or finding made in favor of said Keys in said attachment proceedings.

If we are correct in what we have decided upon the consideration of the question as to the sufficiency of the complaint, the court committed no error in sustaining the demurrer to this paragraph of the answer.

The judgment is affirmed, with five per cent. damages and costs.