No. 9187.

## TOWN OF RUSHVILLE v. POE.

NEGLIGENCE.—*Town.*—*Defective Street.*—*Complaint for Personal Injury.*—A. complaint against a town for a personal injury, suffered by reason of a fall in the street, must show that the injury was caused by some specified act of negligence or omission of duty on the part of the town; and a charge that the town, while grading a street, caused the digging of a. hole ten inches deep and twelve inches in diameter, which it negligently permitted to remain in the street for ten days, uncovered and unguarded,

Town of Rushville *v.* Poe.

and that, while walking along the street, the plaintiff, without negligence on her part, stepped into the hole and was thrown down and injured, is insufficient.

SAME.—*Pleading.*—*Contributory Fault.*—A general averment, in a complaint for negligent injury, that the injury was suffered without fault on the part of the plaintiff, is sufficient.

From the Rush Circuit Court.

·G. B. *Sleeth,* W. A. *Cullen* and B. L. *Smith,* for appellant.
·J. J. *Spann,* J. Q. *Thomas* and C. *Cambern,* for appellee.

WOODS, C. J.—The appellee recovered a judgment for damages against the appellant upon a complaint containing the following averments:

"Martha Poe, plaintiff, complains of the town of Rushville, defendant, and says that, prior to the 21st day of November, 1879, the defendant was engaged in grading Jennings street in said town, and, while so engaged, caused a hole to be dug in said street ten inches deep and twelve inches in diameter; that plaintiff, on the evening of said 21st day of November, 1879, while walking along said street, stepped into said hole, and was thrown violently to the ground, thereby bruising her face and limbs and breaking her wrist; * * * that said hole was, through the negligence of defendant, permitted to remain in said street for ten days, and was left uncovered and unguarded, and said injuries were sustained without fault or negligence of plaintiff. Wherefore," etc.

If good, the pleading would be a model of brevity. It is not good, because it does not show that the injury suffered was the result of the alleged negligence on the part of the town. That negligence is charged to have consisted, not in the opening of the hole, but in permitting it to remain for ten days; and perhaps, by fair, though a very liberal, construction, the averment may be said to mean that the excavation "was left uncovered and unguarded" during the time mentioned, but whether or not the plaintiff was hurt during that time is not alleged, and can not fairly be inferred. The plaintiff may have been injured on the day the excavation was

made, and before it could be said that the town had been guilty of any negligence; the street was in process of being gravelled,. and may not have been open for public use; or, at the time the excavation was made, proper safeguards may have been placed upon or about it, and these afterwards removed without the knowledge of the town, and the injury have befallen the plaintiff before the town had, or under the circumstances ought to have had, notice of the defect, and of the consequent danger.,

Another objection is urged, namely : that the plaintiff's fall. is not shown to have been caused by her stepping into the hole. She may have been falling when she made the misstep,, and the hole may have neither caused the fall nor contributed. to the injury.

The plain ground, however, on which we base our conclusion is that the injury is not alleged to have been caused by any specified negligent act or omission of duty on the part of the town, nor by any fair intendment may be attributed to. the negligence which is charged.

The averment of freedom from fault on the part of the plaintiff is sufficient. *Town of Salem* v. *Goller,* 76 Ind. 291.

Judgment reversed, with instructions to sustain the demurrer to the complaint.