No. 12,162.

## SANNES *v.* ROSS ET AL.

ATTACHMENT.—*Taking Personal Judgment Equivalent to Dismissal.*—The rendering of a personal judgment against the defendant is equivalent to a dismissal of the proceedings in attachment.

SAME.—*Failure to Prosecute.—Action on Bond.—Evidence.*—Where, in an action on an attachment bond, the plaintiff, after introducing evidence of the proceedings in attachment and the seizure of his property thereunder, shows by the record that a final judgment *in personam* alone had been taken, he thereby shows that the attachment proceeding had been dismissed or abandoned.

SAME.—*Damages.*—Where either a dismissal or an abandonment of the attachment proceedings is thus shown, there is a failure to prosecute according to the condition of the bond, and evidence as to damages is admissible.

SAME.—*Complaint.—Sufficiency on Demurrer.*—A complaint on an undertaking in attachment, which avers the execution of the undertaking, the issuing of a writ, the seizure of the plaintiff's property, that the attachment was disposed of against the defendant, and that the latter did not duly prosecute the attachment proceedings, which, it is alleged, were wrongful and oppressive, resulting in damages to the plaintiff which remain unpaid, is good as against a demurrer. An averment that the undertaking was approved by the clerk before the writ issued is not necessary.

PLEADING.— *Uncertainty.—Practice.*—Mere uncertainty in a pleading can not be reached by demurrer. The objection must be made by motion.

From the Benton Circuit Court.

*D. E. Straight, U. Z. Wiley* and *S. F. Carter,* for appellant.
*M. H. Walker* and *I. H. Phares,* for appellees.

MITCHELL, J.—Joseph Ross commenced suit against John O. Sannes, on the 25th day of July, 1883, in the Benton Circuit Court, to recover the amount of certain promissory notes, and for goods sold and delivered.

Upon an affidavit and undertaking duly filed by Ross, a writ of attachment was sued out.

The case exhibited in this record is an action by Sannes against Ross and Phares, on the undertaking in attachment in the case above mentioned.

The complaint recites the commencement of an action by the appellee against the appellant, the filing of the undertaking in attachment, setting out a copy, the issuing of a writ of attachment, and the seizure by the sheriff, in pursuance of the command of the writ, of certain described personal property alleged to belong to the plaintiff.

It is alleged that the attachment proceeding was disposed of at the September term, 1883, of the Benton Circuit Court, against the defendant. The breaches assigned are that Ross did not duly prosecute his proceedings in attachment, and that they were wrongful and oppressive, by reason of which damages had accrued to the plaintiff, which remained unpaid. Upon issues made upon this complaint a trial was had. The jury, under an instruction from the court, returned a verdict for the defendants. The only error presented is the overruling of the appellant's motion for a new trial.

A bill of exceptions discloses that the plaintiff put in evidence the pleadings, affidavit and undertaking in attachment, the writ, and the sheriff's return thereon, the order-book entries and judgment in the suit and attachment proceedings of Joseph Ross against John O. Sannes, in the Benton Circuit Court. It appeared from these, that upon the writ of attachment sued out, certain personal property belonging to Sannes had been seized by the sheriff, and that a personal judgment had been rendered in favor of Ross for $372.62. The record is silent as to the disposition made of the proceedings in attachment. Except as it may be inferred from the rendition of a final judgment in personam, in the case pending, the record does not disclose the result of the issue made on the affidavit in attachment. The bill of exceptions recites that the appellant offered oral evidence to prove that the attachment proceeding had been dismissed by the plaintiff before the rendition of final judgment. This testimony was rejected. It also discloses that a motion was made in open court during the trial to correct the record in the attachment suit by a nunc pro tunc entry on the order-book,

so as to show the dismissal of the proceedings in attachment, in correspondence with an entry to that effect on the court docket. This was denied.

The appellant offered testimony tending to prove the amount of damages sustained by the seizure of his personal property. This proof was also rejected. The court thereupon instructed the jury as follows:

"The court instructs you that there being no evidence in this case tending to sustain any issue in behalf of the plaintiff, your verdict must be for the defendant."

The court proceeded upon the assumption, that in order to maintain the action, it was essential that the record in the case in which the attachment was sued out, should show affirmatively and in terms, that there had been a final disposition of the proceedings in attachment. Upon that assumption, and because the record failed to show a judgment in respect to the attachment proceedings, proof of the amount of damages sustained was rejected, and the jury was peremptorily instructed to return a verdict for the defendant. This was error. In the case of *Smith* v. *Scott,* 86 Ind. 346, it was directly ruled that "The rendering of a personal judgment alone was equivalent to a dismissal or discharge of the proceedings in attachment." So, in the case of *Lowry* v. *McGee,* 75 Ind. 508, this court said: "The attachment proceedings presented an issue, and if there was no adjudication whatever of that issue, the taking of the personal judgment alone was an abandonment of the attachment lien, and the judgment stood as though no attachment proceedings had been commenced in the cause."

When, therefore, the appellant had introduced the pleadings, affidavit, undertaking, the writ, and the return thereon showing that his personal property had been seized under the writ, and when he had also shown by the record that a final judgment *in personam* alone had been taken in that case, he had thereby shown by the record that the attachment proceeding had been dismissed or abandoned. The pleadings in-

troduced in evidence showed that the affidavit in attachment was denied. The record also showed that the appellant had in that proceeding claimed the benefit of the exemption law.

The final disposition of the case in which the attachment was pending, necessarily disposed of the attachment proceeding, and as the case resulted in nothing but the rendition of a personal judgment in favor of the plaintiff, it follows that the attachment was either dismissed or abandoned, and in either event there was a failure to duly prosecute the proceedings in attachment according to the condition of the bond.

It was not necessary that the record should have been corrected so as to show the dismissal of the proceedings in attachment. The parol evidence offered in support of the motion to supply the record on the order-book, and make it correspond with the judge's minutes, was immaterial as the case then stood, but it was error for the court to exclude the plaintiff's evidence on the subject of damages, and to give the instruction to the jury which was given.

The appellees have assigned cross errors which it is insisted are well taken and ought to prevent a reversal.

The error assigned brings in question the sufficiency of the complaint.

The objections urged against the complaint are, that it contains no sufficient averment of any breach in the undertaking, which is the foundation of the suit, and that it does not aver that the proceedings in attachment were quashed, dissolved or dismissed, or that there was ever any judgment rendered against the appellee in the attachment proceeding.

It is averred in the complaint that the attachment proceeding was disposed of against the appellee at the September term, 1883, of the Benton Circuit Court, and that there was a breach in the undertaking, in that the plaintiff did not duly prosecute his proceedings in attachment, and that they were wrongful and oppressive.

It is said that this is the statement of a mere conclusion, and not the averment of any issuable fact.

The allegations of the complaint, in respect to the breaches assigned, are general in their character. The assignment, however, negatives the performance of the condition of the bond in the words of the contract. This was a sufficient assignment at common law. 1 Chitty Pleading, 332. The most that can be said of it is that it is uncertain. But it has often been decided that objections for defects in pleadings, that they are uncertain, or that they are too general in their statements, when they are otherwise sufficient, can not be reached by demurrer. *Cleveland, etc., R. W. Co.* v. *Wynant,* 100 Ind. 160; *City of Evansville* v. *Worthington,* 97 Ind. 282, and cases cited.

The foundation of the action was the written undertaking. The complaint having averred the execution of the undertaking, the issuing of a writ, the seizure of the appellant's property, that the attachment had been disposed of against the appellee, and that the appellee did not duly prosecute the proceedings in attachment, which it is averred were wrongful and oppressive, resulting in damages to the appellant, which remained unpaid, it was good as against a demurrer. *Trentman* v. *Wiley,* 85 Ind. 33.

It was not necessary to aver in the complaint that the undertaking was approved by the clerk before the writ issued. If the appellee caused the appellant's goods to be wrongfully seized, as the complaint avers they were, it would not aid the appellee, even if the undertaking had not been approved in fact.

The record shows that exceptions were properly taken to the rulings of the court which are complained of. They are embraced in the bill of exceptions.

The judgment is reversed, with costs.

Filed March 11, 1886.