No. 360.

## VURPILLAT ET AL. *v.* ZEHNER ET AL.

EVIDENCE.—*Exclusion of.—Question, How Presented.*—To preserve a question relating to the exclusion of evidence, a pertinent question adapted to elicit the testimony sought should be asked, and, upon objection being made thereto, a statement should be made to the court of the testimony which the witness would give in answer to the question. Such offers of proof should be statements of particular facts, and not of general propositions or conclusions.

SAME.—*Practice.—Offer of Competent and Incompetent Evidence.*—If a party mingles competent and incompetent testimony, proposing it all together, the court will not be required to separate the good from the bad, but may reject the entire offer.

ATTACHMENT.—*Bond.—Justice of the Peace.*—Sections 917 and 950, R. S. 1881, relating to actions on attachment bonds, are applicable to attachment bonds given in actions before justices of the peace.

SAME.—*Dismissal of Proceedings.—Action on Bond.—Damages.—Defence.*—A writ of attachment was quashed on account of a defect in the affidavit, and the attachment proceedings were thereupon dismissed.

*Held,* in an action on the attachment bond to recover actual damages only, that evidence was not admissible on behalf of the attachment plaintiffs to show that grounds of attachment existed at the commencement of the attachment suit, and that in suing out the writ they acted in good faith.

From the Cass Circuit Court.

*W. Spangler, J. M. Spangler* and *H. A. Steis,* for. appellants.

*J. C. Nye* and *M. Winfield,* for appellees.

BLACK, J.—The appellees sued the appellants on an attachment bond given in an action before a justice of the peace. A trial by the court resulted in a finding for the appellees, on which judgment was rendered, a motion for a new trial made by the appellants having been overruled.

A question is presented relating to the exclusion of evidence offered by the appellants.

One of the appellants, who was a plaintiff in the attachment suit, was a witness. He was asked to state " what the

fact is as to one of the plaintiffs in this suit being a non-resident of the State of Indiana at the time you commenced your action in attachment against the plaintiffs in this suit."

Objection being made by the appellees, thereupon counsel for the appellants stated to the court that said witness would testify that one of the defendants in the attachment suit, the plaintiffs in this suit, was at the time of the commencement of the action in attachment, a non-resident of this State. The court sustained the objection.

Then counsel for the appellants, without having put any other question to the witness, stated to the court, as is shown by the bill of exceptions, that said witness would further testify, and offered to prove by him, that the appellees at the time of the commencement of the action in attachment were removing their property subject to execution, or a material part thereof, out of this State, not leaving enough therein to satisfy the claim of the attachment plaintiffs; and that at the time the appellees were indebted to the attachment plaintiffs in the sum of $157; and that in good faith, and with no intention to injure the appellees, the attachment plaintiffs instituted their said action in attachment. To this the court sustained an objection.

Where it is sought to preserve a question relating to the exclusion of evidence, a pertinent question adapted to elicit the testimony sought should be asked, and, upon objection being made thereto, a statement should be made to the court of the testimony which the witness would give in answer to the question. Such offers of proof should be statements of particular facts, and not of general propositions or conclusions. *Judy* v. *Citizen,* 101 Ind. 18; *Higham* v. *Vanosdol,* 101 Ind. 160. And if a party mingles competent and incompetent testimony, proposing it all together, the court will not be required to separate the good from the bad, but may reject the entire offer. *Cuthrell* v. *Cuthrell,* 101 Ind. 375; *Sohn* v. *Jervis,* 101 Ind. 578; *City of Terre Haute* v. *Hudnut,* 112 Ind. 542.

Had the appellants, in the action against them on the bond,

a right to prove that any ground of attachment existed at the commencement of the attachment suit, or that in suing out the writ they acted in good faith, and without any intention to injure the appellees ?

The complaint on the bond did not charge malice, fraud, want of good faith, or intention to injure the appellees. It alleged only actual damages, setting forth the items and amounts, and sought the recovery of the sum of these amounts.

It appeared in evidence that there was a trial of the principal action in which the attachment was issued, and that the plaintiffs therein recovered judgment against the defendants therein, the appellees, but that before the commencement of said trial the attachment defendants moved to quash the writ of attachment, and that the justice sustained the motion, and thereupon dismissed the attachment proceedings at the costs of the attachment plaintiffs, and rendered. judgment that the attached property be released, and discharged from said writ, and be returned to the attachment defendants, and that they recover costs of the attachment plaintiffs.

The bond in suit conformed to the statute (section 917, R. S. 1881), which provides : " The plaintiff, or some one in his behalf, shall execute a written undertaking, with sufficient surety to be approved by the clerk, payable to the defendant, to the effect that the plaintiff will duly prosecute his proceeding in attachment, and will pay all damages which may be sustained by the defendant, if the proceedings of the plaintiff shall be wrongful and oppressive."

Section 950, R. S. 1881, provides: " Every defendant shall be entitled to an action on the written undertaking of the plaintiff or creditor by whose proceedings in attachment he shall have been aggrieved, if it shall appear that the proceedings were wrongful and oppressive ; and he shall recover damages at the discretion of the jury."

These statutory provisions are applicable to attachment

bonds given in actions before justices of the peace. Section 953, R. S. 1881.

In *Harper* v. *Keys*, 43 Ind. 220, it was held that, in order to give the attachment defendant an action on the undertaking, it is not necessary that there should have been an issue made on the affidavit, and a finding in the attachment proceedings in favor of the defendant therein; and that without any issue on the affidavit, if the attachment proceedings were wrongful and oppressive, the defendant has a right of action on the undertaking, though the plaintiff had a good cause for his principal action and recovered therein.

In *Trentman* v. *Wiley*, 85 Ind. 33, where the action was on an undertaking in attachment, an answer alleged, in effect, that the attachment defendants had purchased the goods which were attached of the attachment plaintiff, and at the time of the institution of the attachment proceedings the attachment defendants were selling said goods for the purpose of cheating and defrauding the attachment plaintiff and their other creditors, and that by reason of such facts said proceedings were not wrongfully, but rightfully instituted. It was said by the court that, upon the assumption that the complaint on the undertaking did not show that the judgment was upon the merits in the attachment proceedings, the attachment defendants would, nevertheless, be entitled to such damages as they had sustained, and that said answer alleged no fact in bar of the action on the bond.

In *Sannes* v. *Ross*, 105 Ind. 558, it was held that where, in an action on an attachment bond, it was shown that the attachment was dismissed or abandoned, it thereby appeared that there was a failure to duly prosecute the proceedings in attachment according to the condition of the bond, and that the plaintiff was entitled to introduce evidence of the amount of damages sustained by the seizure of his property under the writ.

None of the matters which the appellants sought to introduce by their offer of evidence could affect the right of

the appellees to recover the actual damages sustained by them. They did not seek, nor were they allowed, more than their actual damages. We conclude that, without regard to the manner in which the appellants sought to introduce the evidence, there was no error in the action of the court in excluding it.

It is contended that the amount of the recovery was too large. The amount did not exceed what the court was authorized by the evidence to find.

The judgment is affirmed.

