## BARNETT *v.* LUCAS.

### [No. 3,472.   Filed October 22, 1901.]

EVIDENCE. — *Lost Instruments.* — *Pleading.* — *Attachment  Bond.* — Where in an action on an attachment bond it was alleged in the complaint that the bond was lost or in possession of the opposite parties, proof that the bond was lost was sufficient to justify the admission of secondary evidence as to the contents of the bond. *pp. 442, 443.*

SAME.—*Lost Instruments.—Attachment Bond.—*In an action on a lost attachment bond an examined copy may be read in evidence, or a witness may testify from memory refreshed by the copy.  *p. 443.*

ATTACHMENT.—*Action on Bond.—Evidence.*—In an action upon an attachment bond it devolves upon the plaintiff to show that his property was levied upon by virtue of the writ in attachment, to procure which the bond was executed.   *p. 444.*

SAME.—*Action on Bond.—Damages.*—A verdict for $615 in favor of plaintiff in an action on an attachment bond will not be set aside as excessive, where the evidence showed that the land levied upon was valued at $2,356.50, and some of the evidence relative to the value of services of attorneys would have justified a larger and some a smaller verdict, and the other expenses incurred were shown to have been large.   *p. 444.*

From Hendricks Circuit Court; *T. J. Cofer,* Judge.

Action by Wm. T. Lucas against Levi A. Barnett on an attachment bond. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*E. G. Hogate* and *J. L. Clark,* for appellant.

*E. A. Miles, G. E. Easley, G. W. Brill* and *G. C. Harvey,* for appellee.

ROBY, J.—On June 3, 1895, John T. Barnett filed a complaint against appellee and had a writ of attachment. Appellant signed the attachment bond as surety. The complaint charged appellee, who was at the time a resident of The Hawaiian Islands, with having defrauded the plaintiff in an exchange of merchandise, located at Piqua, Ohio, for a tract of real estate in Hendricks county, Indiana. Judgment was asked for $6,000, and the plaintiff, while testifying, claimed $4,396.67 as the amount due him. A number of capable attorneys were employed on each side. The venue of the case was changed from Hendricks to Putnam county, trial in May, 1897. After three days had been occupied the plaintiff dismissed. Depositions were taken in the Hawaiian Islands, at Salt Lake City, and in Ohio. The present action was brought upon the attachment bond by the appellee against the appellant, his principal not being made a party. Trial by jury resulted in a verdict for $615. Judgment was rendered upon the verdict, and motion for a new trial overruled. The appellant has assigned as error

and argued the action of the court in overruling the motion for a new trial.

The complaint avers that upon the dismissal of the action in which the attachment was had, that the attorneys for the plaintiff therein withdrew from the files of the court the bond in suit, and have failed to return it "and the same is lost or is in the possession of the defendant or of said John T. Barnett." It is argued that the evidence fails to trace the instrument into the possession of either of the Barnett's, and that the allegation must have been proved as made before secondary evidence of the contents of the bond was admissible. The allegation is that the bond was lost or in possession of the opposite party. There was no dispute as to its loss.

Both the Barnetts disclaimed any knowledge of its whereabouts. Search in the proper office by the proper persons was fruitlessly made and secondary evidence became essential to present the merits of the cause.

A copy of the original bond was produced and certified by one of the witnesses. He was asked to refresh his recollection from the copy. State the contents of the bond. His answer was: "It starts out, State of Indiana, Hendricks county," etc., (giving the statutory form of an attachment bond). A motion was made to strike out the answer for the reason that the witness did not give his knowledge of the contents of the bond, but read his answer from the copy. The objection does not prove its own facts and no place is indicated where they are established by cross-examination or otherwise, but waiving that, no error was committed. The proof of a lost record or document should be made by the best obtainable evidence, and an examined copy ranks next to a certified copy. *Jones* v. *Levi,* 72 Ind. 586, 591; Greenleaf on Ev., §84.

The witness found his recollection by the reference to the copy. The copy might have been read in evidence or the witness might testify from recollection refreshed by it. *Higgins* v. *State,* 157 Ind. 57.

In order to recover, it devolved upon appellee to show that his property had been levied upon by virtue of the writ in attachment, to procure which the bond in suit was executed. *Trentman* v. *Wiley,* 85 Ind. 33, 35.

The deputy sheriff of Hendricks county testified that he levied an attachment in the case of John Barnett v. Wm. T. Lucas upon the land belonging to the defendant. The appellant, while testifying, was asked the following question, and made the following answer: Q. Do you know as a matter of fact whether this land was attached by the sheriff? A. Yes, sir, it was. No objection was made to this manner of proving a fact relative to which there seems to have been no controversy.

It is argued that the recovery was too large. It appears in evidence that the land levied upon was valued at $2,-356.50. Much evidence was introduced relative to the value of services of attorneys. Some of it would have justified a smaller verdict, some of it demanded a larger one. The expenses incurred, aside from attorney fees were large, and the verdict is regarded as reasonable.

The jury were fully instructed. The instructions refused, in so far as they stated correct propositions of law, were covered by those given by the court of its own motion.

Judgment affirmed.