COMMERCIAL CREDIT CORPORATION *v.* ENSLEY ET AL.

[No. 19,913. Filed June 12, 1964. Rehearing denied July 10, 1964. Transfer denied October 1, 1964.]

Robert D. Symmes, Jack I. Kahn, Peter Nicholas and *Steers, Klee, Jay & Sullivan,* all of Indianapolis, for appellant.

*Sherwood Blue, Claycombe & Claycombe, Robert A. Claycombe* and *Janet L. Roberts,* of counsel, all of Indianapolis, for appellees.

RYAN, J.—The appellant, who was the plaintiff below, filed its suit on guaranty and attachment against the appellees, who were the defendants below.

Appellees filed a consolidated motion consisting of an answer in abatement and motions to quash the issuance and service of notice by publication, the writ of attachment and sheriff's return, and to quash and expunge all notices of levy of attachment and to vacate and set aside the attachment or levy of attachment. Thereafter the sheriff filed an amended return, and the appellees again appeared specially with a request for leave to withdraw their "motion to vacate and set aside all process of attachment herein as having been fraudulently procured and improvidently issued," and requested permission of the court to file a new and substituted motion. The brief indicates that such motion was sustained without objection, and thereupon the appellees filed their motion to quash

the proceedings in attachment, the issuance and service of the writ of attachment, and the sheriff's amended return. This motion was sustained by the court. From such ruling the appellant now prosecutes this appeal.

Appellant assigns three specifications as error, but waives two, and asserts and argues only that the court erred in sustaining the motion of the defendants to quash the proceedings in attachment, the service of the writ of attachment, and the sheriff's amended return.

As stated by the appellant in its brief and on oral argument, its primary contention is that the court below erred in sustaining the motion to quash, because, appellant asserts, the pleadings which were filed by appellees prior to the filing of the motion to quash, were pleas to the merits, and thus appellees had submitted themselves to the general jurisdiction of the court. Thus any of the alleged errors, whether or not well founded, made the motion to quash "attacking the jurisdiction of the court" erroneous since the appellees had submitted themselves to the jurisdiction of the court.

An attachment is an ancillary proceeding auxiliary or incidental to the main action, by which the alleged debtor's property, subject to execution, is taken to secure the payment of any judgment that may be rendered in the main action. 3 I. L. E. Attachment, §1.

It should be noted that the motion which the appellant attacks was in itself an attack upon the ancillary or auxiliary proceeding in this case. It should also be noted that such motion was filed after the court had granted permission to do so, and without

objection by the appellant, and that such motion was filed after the sheriff had filed an amended return in the ancillary proceeding.

Courts have the inherent power to remedy any improvident issue of writs to prevent the process of a court being employed in an unauthorized manner.

To uphold the theories submitted to us by the appellant would or could open the door to the possibility of injustice being committed under legal sanction. To deny the trial court to act as it did in this case would impose an unnecessary restriction which would have no basis in either law or logic.

Judgment is therefore affirmed.

Faulconer, P. J., and Carson and Cooper, JJ., concur.

NOTE.—Reported in 199 N. E. 2d 108.