ASHLAND OIL, INC., a Kentucky corporation; Bell Fuels, Inc., a Nevada corporation; Jasper County Farm Bureau Cooperative Association, an Indiana corporation; and Marathon Petroleum Company, an Ohio corporation, Appellants,

v.

Toy Rex ARNETT Jr.; Rena Arnett, his wife; Thomas Arnett; Super Payless Gas, Inc., an Indiana corporation; and Charles Arnett, Appellees.

No. 56S03–8705–CV–470.

Supreme Court of Indiana.

May 8, 1987.

Robert S. Nesbitt, Blaney, Nesbitt & Casey, Rensselaer, Stephen J. Schostok, Melbourne A. Noel, Jr., Brad A. Levin, Laser, Schostok, Kolman & Frank, Chicago, Ill., for appellants.

Karen L. Hughes, Larry Evans, Barbara A. Young, Hoeppner, Wagner & Evans, Valparaiso, for appellees.

CIVIL PETITION TO TRANSFER

GIVAN, Justice.

These consolidated appeals arose from the trial courts' rulings on motions filed by appellees to recover costs and damages against the bonds executed by appellants upon filing prejudgment attachment proceedings. The Court of Appeals, Third District, affirmed in part and reversed in part. *Ashland Oil, Inc. v. Arnett* (1986), Ind. App., 496 N.E.2d 1313. Both sides now seek transfer to this Court. We grant appellees' petition, deny appellants' petition and affirm in part and vacate in part the Court of Appeals' decision.

The facts underlying these causes were set out at length in the Court of Appeals' opinion, *Id.* at 1314–15, and will be only briefly restated here. In November of 1984, appellants instituted prejudgment attachment proceedings in the trial courts, ostensibly to prevent the disposition of property owned by appellees prior to the termination of litigation filed by appellants in federal court in Indiana and in Illinois. Upon appellants' execution of bonds pursuant to Ind.Code § 34–1–11–5, each court entered an order attaching appellees' real property.

Appellees filed motions to quash the attachment proceedings and for damages and costs. Following the denial of their motion by the Lake Superior Court, appellees filed an original action in this Court, alleging that because the underlying actions had been filed in the federal courts the state courts had no jurisdiction over the attachment proceedings. On January 23, 1985, this Court entered a Permanent Writ of Prohibition and Mandamus, which read in pertinent part:

> "It is therefore ordered that respondents, the Lake Superior Court, Room Five, and The Honorable James J. Richards, as Judge thereof, be, and they both are hereby, commanded to refrain from the exercise of any jurisdiction in this cause and expunge from the record all of the proceedings in attachment including but not limited to the petition for prejudgment attachment, affidavits, order of attachment and any and all returns filed or to be filed by the sheriff."

Copies of the writ were filed in the three other state courts in which attachment proceedings had been instituted. Subsequently, the Jasper Circuit Court entered an order to quash for lack of jurisdiction, the Marshall Circuit Court ordered the attachment terminated and declared null and void and the Newton Superior Court ordered the attachment vacated and dissolved.

Appellees then filed motions under Ind. Code § 34–1–11–38 and Ind.R.Tr.P. 65.1 for costs and damages against the attachment bonds. The Lake Superior Court ruled that, under the writ, it was unable to act in any manner other than to expunge the record of the proceedings. The Jasper Circuit Court awarded damages of $3,500.00 and the Newton Superior Court awarded damages of $5,342.65 plus costs. The Marshall Circuit Court awarded appellees Charles and Norma Arnett damages in the amount of $665.00, but found that the remaining appellees had no property in the county subject to attachment and therefore were not entitled to damages.

On appeal, appellants alleged error in the assessment of damages on the bonds, arguing that in filing the prejudgment attachments they were not proceeding contrary to established law, that the elements of wrongful attachment had not been established, that they had a good faith defense and that the Jasper, Newton and Marshall County courts lacked jurisdiction to assess damages when they had no jurisdiction over the attachment proceedings. Appellees cross-appealed, contending that the Lake Superior Court erred in refusing to entertain their motion for damages and costs and that the Marshall Circuit Court erred in failing to award damages to all the parties covered by the bond.

The Court of Appeals affirmed the Jasper, Newton and Lake County Courts. *Ashland Oil, supra* at 1320–21. The court also affirmed the Marshall Circuit Court's award of damages to appellees Charles Arnett and Norma Arnett, but reversed that part of the trial court's ruling which denied damages to the remaining appellees because they had no property attached in the county. *Id.* at 1321. In their transfer petition, appellants allege that the Court of Appeals either erroneously decided new questions of law or contravened ruling precedent in rejecting the various contentions which appellants had posed in their appeal. Appellees request that transfer be granted only as to that portion of the Court of Appeals' decision upholding the refusal of the Lake Superior Court to entertain the motion for recovery upon the attachment bond.

We agree with the Court of Appeals' comprehensive analysis of the various questions raised concerning whether

the assessments of damages were appropriate under the circumstances of the instant cases and whether the trial courts had jurisdiction to entertain appellees' motions for damages and costs. Therefore, pursuant to Ind.R.App.P. 11(B)(3), we adopt and incorporate by reference that part of the opinion addressing those issues, *Ashland Oil, supra* at 1316–20, and affirm the Court of Appeals' disposition of the appeals from the Jasper, Newton and Marshall County Courts, *Id.* at 1320–21.

Thus we are granting transfer for the sole purpose of addressing the Lake Superior Court's refusal to entertain appellees' motion for recovery upon the attachment bond. Upon addressing the trial court's decision, the Court of Appeals stated:

"The Lake County Superior Court was ordered to refrain from exercising any jurisdiction in this attachment cause. Judge Richards therefore acted properly and in compliance with the Supreme Court's writ of prohibition and mandamus when he refused to entertain the motion for recovery upon the bond. The Lake Superior Court order is therefore affirmed." *Id.* at 1321.

The upholding of the Lake Superior Court's refusal to entertain appellees' motion is anomalous in light of the Court of Appeals' analysis of the question of the jurisdiction of the trial courts to hear appellees' motions. If the other three trial courts had jurisdiction to entertain the motions for recovery on the bonds, despite lacking jurisdiction in the attachment proceedings, then the Lake Superior Court also had jurisdiction over the motion for damages and costs, the writ notwithstanding. We agree with appellees that the same reasoning that allows recovery on the bonds in the other courts should allow recovery on the bond in the Lake Superior Court.

The conclusion reached by the trial court, and upheld by the Court of Appeals, may have resulted from an overly broad interpretation of the writ issued by this Court. While Judge Richards was clearly compelled to refrain from the further exercise of jurisdiction in the attachment proceedings, it does not follow that he was also prohibited from hearing appellees' motion for recovery upon the attachment bond executed by appellants. The writ did not expressly order that the bond be expunged from the record, and addresses only the attachment proceedings and not the jurisdictionally independent motion for recovery upon the bond.

For jurisdictional purposes, appellees' motion was independent of the attachment proceedings. The trial rule under which the motion was filed provides:

"Whenever these rules or other laws require or permit the giving of security by a party to a court action or proceeding, and security is given in the form of a bond or stipulation or other undertaking with one or more sureties, each surety submits himself to the jurisdiction of the court and irrevocably appoints the clerk of the court as his agent upon whom any papers affecting his liability on the bond or undertaking may be served. *His liability may be enforced on motion without the necessity of an independent action.*" Ind.R.Tr.P. 65.1 (emphasis added).

Appellees' motion was neither dependent upon the attachment proceedings nor precluded by this Court's determination that the court was without jurisdiction in those proceedings.

■ An action may be maintained against an injunction bond even though the injunction has been dissolved due to a lack of jurisdiction in the court issuing the decree. *Robertson v. Smith et al.* (1891), 129 Ind. 422, 28 N.E. 857. Similarly, in the instant case the trial court's lack of jurisdiction over the attachment proceedings does not compel the conclusion that the court had no jurisdiction over appellees' motion to recover against the attachment bond. Further, as correctly concluded by the Court of Appeals in regard to the other trial courts, appellants were estopped from asserting the lack of jurisdiction in the attachment proceedings as a defense to recovery against the bonds. *Ashland Oil, supra* at 1319; *see Robertson, supra; AFL–CIO Building Trades Council v.*

*Yost Construction Co., Inc.* (1975), 166 Ind.App. 124, 333 N.E.2d 892.

Appellees' petition to transfer is granted. Appellants' petition is denied. The Court of Appeals' opinion is affirmed in part and vacated in part. The Lake Superior Court is reversed and the cause is remanded for consideration of appellees' motion for recovery upon the attachment bond.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.